UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| UNITED STATES OF AMERICA | § | Claim No: 1999A21926 |
|---|---|---|
| | § | |
| vs. | § | |
| | § | |
| David D. Bernath | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 704 Cora Street, Wyandotte, Michigan 48192.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $753.42 |
| B. Current Capitalized Interest Balance and Accrued Interest | $725.07 |
| C. Administrative Fee, Costs, Penalties | $5.27 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

| | |
|---|---:|
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$1,483.76** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 7.000% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

David D. Bernath
1835 Robindale Ave.
Dearborn Heights, MI 48128

I certify that Department of Education records show that the debtor named above is indebted to the United States in the amount stated below plus additional interest from 04/12/99.

On or about 08/28/89 & 01/31/90, the debtor executed promissory note(s) to secure loan(s) of $1400.00 & $700.00 from Oakland City College at 5 percent interest per annum. The institution made the loan(s) under the Federally-funded National Direct Student Loan, now Perkins Student Loan, programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087 aa *et seq.* (34 C.F.R Part 674). The institution demanded payment according to the terms of the notes, and the debtor defaulted on the obligation on 05/01/93. Due to this default, the institution assigned all rights and title to the Department of Education.

After the institution credited all cancellations due and payments received, the debtor owed the school $753.42 principal and interest in the amount of $188.37. This principal and interest together with any unpaid late charges totaled $947.06. The loan was assigned to the Department on 04/15/98.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the debtor owes the United States the following:

| | |
|---|---|
| Principal: | $ 753.42 |
| Interest: | $ 223.05 |
| Fees/Costs: | $ 0.00 |
| Late charges | $ 5.27 |
| Total Debt as of 04/12/99: | $ 981.74 |

Interest accrues on the principal shown here at the rate of .11 per day.

Pursuant to 28 U.S.C. S 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 4/16/99          Name: *[signature]*
                              Title: Loan Analyst
                              Branch: Litigation Branch

# PROMISSORY NOTE - NEW BORROWER
## PERKINS LOAN PROGRAM (formerly National Direct Student Loan)

I, _David Bernath_ (hereinafter called the Lending Institution) located at _Oakland City Indiana_, promise to pay to _Oakland City College_, the sum of the amounts that are advanced to me and endorsed in the Schedule of Advances set forth below. I promise to pay all attorney's fees and other reasonable collection costs and charges necessary for the collection of any amount not paid when due.

## SCHEDULE OF ADVANCES
The following amounts were advanced to me under this loan agreement on the dates indicated:

| AMOUNT | | DATE | SIGNATURE OF BORROWER |
|---|---|---|---|
| 1. 1400.00 | ck# 2993 | 8-28-89 | X David Bernath |
| 2. 700.- | ck# 3151 | 1-31-90 | X David Bernath |
| 3. | | | |
| 4. | | | |

I further understand and agree that:

### I. GENERAL

(1) **Applicable Law.** All sums advanced under this note are drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, as amended, hereinafter called the Act, and are subject to the Act and the Federal Regulations issued under the Act. The terms of this note shall be interpreted in accordance with the Act and Federal Regulations, copies of which are to be kept by the Lending Institution.

(2) **Procedures for Receiving Deferment or Cancellation.** I understand that in order to receive a deferment or cancellation, I must request the deferment or cancellation in writing from the Lending Institution, and must submit to the Lending Institution any documentation required by the Lending Institution to prove that I qualify for the deferment or cancellation. I further understand that if I am eligible for deferment or cancellation under Articles VI through XI, I am responsible for submitting the appropriate requests on time. I further understand that I may lose my deferment and cancellation benefits if I fail to file my request on time.

### II. INTEREST

Interest shall accrue from the beginning of the repayment period and shall be at the ANNUAL PERCENTAGE RATE OF FIVE PERCENT (5%) on the unpaid balance, except that no interest shall accrue during any deferment period described in paragraph VI(1).

### III. REPAYMENT

(1) I promise to repay the principal and the interest which accrues on it to the Lending Institution over a period beginning 9 months after the date I cease to be at least a half-time student at an institution of higher education, or at a comparable institution outside the United States approved for this purpose by the United States Secretary of Education (hereinafter called the Secretary) and ending, unless paragraphs III(4), III(5), III(7), or VI(1) applies, 10 years later.

(2) Upon my written request, the repayment period may start on a date earlier than the one indicated in paragraph III(1).

(3)(A) I promise to repay the principal and interest over the course of the repayment period in equal monthly, bimonthly or quarterly installments as determined by the Lending Institution. I understand that if my monthly payment for all the loans made to me by the Lending Institution is not a multiple of $5, the Lending Institution may round that payment to the next highest dollar amount that is a multiple of $5.

(B) Notwithstanding paragraph III(3)(A), upon my written request, repayment may be made in graduated installments in accordance with a schedule approved by the Secretary.

(C) The Lending Institution shall attach the schedule of repayments and the schedule will become part of the note.

(4) Notwithstanding paragraph III(1), if I qualify as a low-income individual during the repayment period, the Lending Institution may, upon my written request, extend the repayment period for up to an additional 10 years, or adjust any repayment schedule to reflect my income, or both.

(5)(A) If the monthly rate that would be established under paragraph III(1), or the total monthly repayment rate of principal and interest on all my Perkins Loans including this loan, is less than $30 per month, I shall repay the principal and interest on this loan at the rate of $30 per month (which includes both principal and interest).

(5)(B) If I have received Perkins Loans from other institutions and the total monthly repayment rate on those loans is less than $30, the $30 monthly rate established under subparagraph III(5)(A) is the rate I pay on all my outstanding Perkins Loans and is not in addition to the amount I pay on those other loans. The amount of my monthly repayment rate attributable to this loan is the amount which represents the difference between $30 and the monthly rates I must pay on my other Perkins Loans.

(6) The Lending Institution may permit me to pay less than the rate of $30 per month for a period of not more than one year where necessary to avoid hardship to me unless that action would extend the repayment period in paragraph III(1).

(7) The Lending Institution may, upon my written request, reduce any scheduled repayments or extend the repayment period indicated in paragraph III(1), if, in its opinion, extraordinary circumstances such as prolonged illness or unemployment, prevent me from making the scheduled repayments. However, interest shall continue to accrue.

### IV. PREPAYMENT

(1) I may, at my option and without penalty, prepay all or any part of the principal, plus the accrued interest thereon, at any time.

(2) Amounts I repay in the academic year in which the loan was made will be used to reduce the amount of the loan and will not be considered a prepayment.

(3) If I repay more than the amount due for any installment, the excess will be used to prepay principal unless I designate it as an advance payment of the next regular installment.

### V. DEFAULT

(1) The Lending Institution may, at its option, declare my loan to be in default and may demand immediate payment of the entire unpaid balance of the loan, including principal, interest, and late charges if -

(A) I do not make a scheduled payment when it is due, and

(B) I do not submit to the Lending Institution on or before the date on which payment is due, documentation that I qualify for a deferment or cancellation described in Articles VI, VII, VIII, X, or XI of this agreement.

(2) I understand that if I default on my loan repayments, the Lending Institution may disclose that I have defaulted, along with other relevant information, to credit bureau organizations.

(3) Further, I understand that if I default on my loan repayment and the loan is sent to the Secretary for collection, the Secretary may disclose that I have defaulted, along with other relevant information, to credit bureau organizations.

(4) I understand that if the Lending Institution accelerates the loan under paragraph V(1), I will lose my cancellation and deferment benefits for service performed after the date the Lending Institution accelerated the loan.

(5) I understand that failure to pay this obligation under the terms agreed upon will prevent my obtaining additional student financial aid authorized under Title IV of the Higher Education Act of 1965, as amended, until I have made arrangements which are satisfactory to the Lending Institution or the Secretary regarding the repayment of the loan.

### VI. DEFERMENT

(1) Interest will not accrue, and installments of principal need not be paid -

(A) While I am enrolled and in attendance as at least half-time student at an institution of higher education or at a comparable institution outside the United States approved for this purpose by the Secretary;

(B) For a period of three (3) years during which I am -

(i) On full-time active duty as a member of the Armed Forces of the United States (Army, Navy, Air Force, Marine Corps, or Coast Guard) or the National Oceanic and Atmospheric Administration Corps, or as an officer on full-time active duty in the Commissioned Corps of the United States Public Health Service,

(ii) In service as a volunteer under the Peace Corps Act,

(iii) a volunteer under the domestic volunteer service act of 1973 (action programs),

(iv) A full-time volunteer in a tax-exempt organization performing service comparable to the service performed in the Peace Corps or under the Domestic Volunteer Service Act of 1973, or

(v) Temporarily totally disabled as established by an affidavit of a qualified physician, or unable to secure employment because I am providing care required by a dependent who is so abled;

(C) For a period not in excess of two (2) years after I receive a baccalaureate or professional degree during which time I am serving in an internship which is required in order that I receive professional recognition required to begin my professional practice or service, or serving in an internship or residency program leading to a degree or certificate awarded by an institution of higher education, a hospital or a health care facility that offers postgraduate training;

(D) For a period not in excess of one (1) year during which I as a mother of preschool age children, who has entered or reentered the work force, am being paid at a rate which does not exceed $1.00 above the minimum hourly wage established by section 6 of the Fair Labor Standards Act of 1938;

(E) For a period not in excess of six (6) months if -

(i) I am pregnant, caring for my newborn baby, or caring for a child immediately after he or she was placed with me through adoption and I am not attending an eligible institution of higher education or being gainfully employed during the six month period, and

(ii) I was enrolled as at least a half-time student at an eligible institution within six months of the first day of that period; and
(F) During a six (6) month period following the expiration of any deferment provided in paragraphs VI(1)(A) through VI(1)(E).
(2) The Lending institution may, upon my written request, defer my scheduled repayments if it determines that the deferment is necessary to avoid a financial hardship for me. Interest, however will continue to accrue.

## VII. CANCELLATION FOR TEACHING

(1) I am entitled to have up to 100 percent of the amount of this loan plus the interest thereon cancelled if I undertake service -
(A) As a full-time teacher for a complete academic year in a public or other nonprofit elementary or secondary school which is in the school district of a local educational agency which is eligible in such year of service for funds under Chapter I of the Education Consolidation and Improvement Act of 1981, as amended, and which has been designated by the Secretary (after consultation with each State Department of Education) in accordance with the provisions of section 465(a)(2) of the Act as a school with a high concentration of students from low-income families. An official Directory of designated low-income schools is published annually by the Secretary.
(B) As a full-time teacher of handicapped children (including mentally retarded, hard of hearing, deaf, speech and language impaired, visually handicapped, seriously emotionally disturbed, orthopedically impaired, children with specific learning disabilities, or other health-impaired children, who by reason thereof require special education and related services) in a public or other nonprofit elementary or secondary school system.
(2) This loan will be cancelled at the following rates:
(A) 15 percent of the total principal amount of the loan plus interest on the unpaid balance will be cancelled for the first and second complete academic years of that teaching service.
(B) 20 percent of the total principal amount plus interest on the unpaid balance for the third and fourth complete academic years of that teaching service,
(C) 30 percent of the total principal amount plus interest on the unpaid balance for the fifth complete academic year of that teaching service.

## VIII. HEAD START CANCELLATION

(1) I am entitled to have up to 100 percent of the amount of this loan plus the interest thereon cancelled if I undertake service as a full-time staff member in a Head Start program if -
(A) That Head Start program is operated for a period which is comparable to a full school year in the locality, and
(B) My salary is not more than the salary of a comparable employee of the local educational agency.
(2) This loan will be cancelled at the rate of 15 percent of the total principal amount plus interest on the unpaid balance for each complete school year or the equivalent of service in a Head Start program.
(3) Head Start is a preschool program carried out under the Head Start Act. (Subchapter B, Chapter 8 of Title VI of Pub. L. 97-35, the Budget Reconciliation Act of 1981; formerly authorized under section 222(a)(1) of the Economic Opportunity Act of 1964).

## IX. MILITARY CANCELLATION

(1) I am entitled to have up to 50 percent of the principal amount of this loan plus the interest thereon cancelled if I serve as a member of the Armed Forces of the United States in an area of hostilities that qualifies for special pay under section 310 of Title 37 of the United States Code.
(2) This loan will be cancelled at the rate of 12 1/2 percent of the total principal amount plus interest on the unpaid balance for each complete year of such service.

## X. PEACE CORPS CANCELLATION

(1) I am entitled to have up to 70 percent of the amount of this loan plus the interest thereon cancelled if I undertake service -
(A) As a volunteer under the Peace Corps Act; or
(B) As a volunteer under the Domestic Volunteer Service Act of 1973.
(2) This loan will be cancelled at the following rates:
(A) 15 percent of the total principal amount of the loan plus interest on the unpaid balance will be cancelled for the first and second twelve-month period of volunteer service;
(B) 20 percent of the total principal amount of the loan plus interest on the unpaid balance will be cancelled for the third and fourth twelve-month period of volunteer service.

## XI. DEATH AND DISABILITY CANCELLATION

(1) In the event of my death, the total amount owed on this loan will be cancelled.
(2) If I become totally and permanently disabled after I receive this loan, the Lending institution will cancel the total amount of this loan.

## XII. CHANGE IN NAME, ADDRESS, TELEPHONE NUMBER AND SOCIAL SECURITY NUMBER

I am responsible, and any endorser is responsible, for informing the Lending institution of any change or changes in name, address, telephone number or social security number.

## XIII. LATE CHARGE

(1) The Lending Institution may impose a late charge if -
(A) I do not make a scheduled payment when it is due, and
(B) I do not submit to the Lending Institution on or before the date on which payment is due, documentation that I qualify for a deferment or cancellation described in Articles VI, VII, VIII, IX, X, and XI of this agreement.
(2) No charge may exceed twenty (20) percent of my monthly, bimonthly or quarterly payment.
(3)(A) The Lending institution may—
(i) Add the late charge to the principal the day after the scheduled repayment was due; or
(ii) Include it with the next scheduled repayment after I have received notice of the late charge.
(B) If the Lending Institution elects to add the assessed charge to the outstanding principal of the loan, it must so inform me before the due date of the next installment.

## XIV. ASSIGNMENT

(1) This note may be assigned by the Lending Institution only to -
(A) The United States;
(B) Another institution upon my transfer to that institution if that institution is participating in this program; or
(C) Another institution approved by the Secretary.
(2) The provisions of this note that relate to the Lending Institution shall, where appropriate, relate to an assignee.

## XV. PRIOR LOANS

I hereby certify that I have listed below all of the Perkins Loans I have obtained at other institutions. (If no prior loans have been received, state "None.")

SCHEDULE OF PERKINS LOANS AT OTHER INST
AMOUNT                                       DATE
1. _____
2. _____
3. _____
4. _____

NOTICE TO BORROWER: DO NOT SIGN THIS NOTE BEFORE YOU READ IT. THE LENDING INSTITUTION MUST SUPPLY TO YOU AND ANY ENDORSER A COPY OF THIS NOTE. (This note is signed as a sealed instrument.)

NAME  BERNATH, DAVID, D
LOAN TYPE: P    RATE: 05.00%

SIGNATURE _David Bernath_      Date _Aug 28_ 19_89_.

Permanent Address (Street or Box Number, City, State, and Zip) _27 KNAPP Dr WASHINGTON, IN 4750_
Social Security Number (borrower must provid

The borrower and Lending Institution shall execute this note without security and without endorsement unless the borrower is a minor and this note would not, under the law of the State in which the Lending Institution is located, create a binding obligation. If the borrower is a minor and this note would not therefore, be legally binding, the Lending institution shall require a cosigner to this note:

SIGNATURE OF COSIGNER _____

Permanent Address (Street or Box Number, City, State, Zip) _____     Date _____ 19 ___.

(20.U.S.C. 1087dd)

Format by the National Association of Student Financial Aid Administrators.